IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK A. HILL,

    Petitioner,

v.

    CASE NO. 2:11-CV-755
    JUDGE GRAHAM
    MAGISTRATE JUDGE KING

ROBIN KNAB, WARDEN,

    Respondent.

### OPINION AND ORDER

On November 1, 2012, the United States Magistrate Judge denied, in part, Petitioner's motion to expand the record and recommended that this habeas corpus action under 28 U.S.C. § 2254 be dismissed. *Order and Report and Recommendation*, Doc. No. 20. That recommendation was adopted on January 16, 2013 without objection, *Order*, Doc. No. 26, and final judgment was entered that same date. *Clerk's Judgment*, Doc. No. 27. This matter is now before the Court on Petitioner's motion for relief from judgment, Doc. No. 29, and objections to the recommendation of the Magistrate Judge, Doc. No. 28. For the reasons that follow, Petitioner's *Motion for Relief from Judgment*, Doc. No. 29, is **GRANTED.** The Court's January 16, 2013, final judgment of dismissal, Doc. No. 27, is **VACATED.** However, Petitioner's *Objections*, Doc. No. 28, are **OVERRULED.** The *Report and Recommendation* is again **ADOPTED** and **AFFIRMED.** This action is once again **DISMISSED.** Moreover, Petitioner's request for a certificate of appealability, *see* Doc. No. 28, is **DENIED.**

1

**Motion for Reconsideration:**

As noted *supra*, the Court adopted the recommendation of the Magistrate Judge without objection. In support of his motion for relief from judgment, Petitioner represents that he timely presented his objections to prison officials for mailing, but that his objections did not reach the Court before the date that objections were due. *See Exhibits to Motion for Reconsideration.* The filings of a *pro se* incarcerated prisoner are deemed to have been filed on the date they are submitted to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988). Because it appears that Petitioner's objections were timely filed, his *Motion for Relief from Judgment,* Doc. 29, is **GRANTED**. The January 16, 2013 *Judgment,* Doc. No. 27, is **VACATED.** The Court will consider the substance of Petitioner's objections.

**Objections:**

Petitioner was indicted by the Franklin County grand jury on two counts of felonious assault; following a jury trial, Petitioner was convicted on one count of felonious assault and was acquitted on the other. The Magistrate Judge denied, in part, Petitioner's motion to expand the record and recommended that certain of Petitioner's claims be dismissed as procedurally defaulted and that other claims be dismissed on the merits. *Order and Report and Recommendation.* Petitioner objects to the Magistrate Judge's denial of his motion to expand the record and seeks an evidentiary hearing on all of his claims. In response to the recommendation that certain of his claims were procedurally defaulted, Petitioner insists that he fairly presented his federal claims to the state courts. In particular, petitioner argues that he presented his federal speedy trial claims to the state courts in his appeal to the Ohio Supreme Court and in his Rule 26(B) proceedings. Petitioner also again argues that the State waived the affirmative defense of

2

procedural default by failing to raise the issue in its opposing memoranda in the state courts. Petitioner also objects to the Magistrate Judge's recommendation that other claims be dismissed as without merit, contending that, contrary to the conclusion of the Magistrate Judge, he did not fail to rebut the presumption of correctness afforded the factual findings of the state appellate court under 28 U.S.C. § 2254(e). In particular, Petitioner again argues that the state appellate court disregarded evidence in support of Petitioner's defense that he acted under serious provocation and in self-defense. He also argues that, because the state courts failed to adjudicate the merits of his claim(s), the deference ordinarily accorded decisions of the State courts does not apply.

The Court concludes that the Magistrate Judge's denial, in part, of Petitioner's *Motion to Expand the Record*, Doc. No. 17, is neither clearly erroneous nor contrary to law. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review of the Magistrate Judge's recommendations. Having carefully considered the entire record and for the reasons set forth in the Magistrate Judge's lengthy *Report and Recommendation*, however, Petitioner's objections are not persuasive.

Petitioner has failed to establish cause and prejudice for his procedural defaults, and has failed to establish that claims eight and thirteen, in which Petitioner alleges that he was denied the effective assistance of trial and appellate counsel, warrant federal habeas corpus relief. Moreover, the record fails to establish that Petitioner is actually innocent so as to justify a merits review of claims that he has otherwise waived. *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

Petitioner's *Objections*, Doc. No. 28, are therefore **OVERRULED**. The Magistrate Judge's denial, in part, of Petitioner's *Motion to Expand the Record*, Doc. No. 17, is **AFFIRMED**. The *Report and Recommendation*, Doc. No. 20, is **ADOPTED** and **AFFIRMED**. Petitioner's request for an evidentiary hearing is **DENIED**. Claims one through four, six through twelve, fourteen, fifteen, seventeen through twenty-seven, twenty-nine, thirty-two through thirty-six, thirty-nine through forty-one, forty-three and forty-seven are **DISMISSED** as procedurally defaulted. The remainder of Petitioner's claims are **DISMISSED** as without merit.

### Request for a certificate of appealability:

Petitioner seeks a certificate of appealability. *See* Doc. No. 28. Petitioner raised sixty (60) claims in his *Petition*. As noted *supra*, certain claims were dismissed as without merit and the remainder of Petitioner's claims were dismissed as procedurally defaulted.

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* at 484 (quoting *Barefoot*, 463 U.S. at 893 & n.4). Where the Court has dismissed a claim on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

4

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 85. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.*

Petitioner has failed to establish that the claims dismissed as lacking in merit should have been resolved differently or that reasonable jurists would debate whether the Court correctly dismissed his claims as procedurally defaulted. The Court therefore **DENIES** Petitioner's request for a certificate of appealability.

**Conclusion:**

Petitioner's *Motion for Relief from Judgment*, Doc. No. 29, is **GRANTED**. The Court's January 16, 2013 *Judgment*, Doc. No. 27, is **VACATED**. Petitioner's *Objections*, Doc. No. 28, are **OVERRULED**. The *Order and Report and Recommendation*, Doc. No. 20, is **ADOPTED** and **AFFIRMED**. Petitioner's request for an evidentiary hearing is **DENIED**. This action hereby is **DISMISSED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.

Petitioner's request for a certificate of appealability, *see* Doc. No. 28, is **DENIED**.

Dated: 2/20/13

JAMES L. GRAHAM
United States District Judge

5