```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


MARK A. HILL,

              Petitioner,

        v.                              Civil Action 2:11-cv-755
                                        Judge Graham
                                        Magistrate Judge King

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,

              Respondent.
```

## REPORT AND RECOMMENDATION

Petitioner, formerly a state prisoner,[1] instituted this habeas corpus action under 28 U.S.C. § 2254, in which he asserted sixty (60) claims challenging his state court conviction for felonious assault. On February 20, 2013, the Court entered final judgment dismissing the action. *Opinion and Order*, ECF No. 30; *Clerk's Judgment*, ECF No. 31. This matter is now before the Court on Petitioner's February 9, 2016 motion for relief from judgment, *Petitioner's Rule 60(b)(6) and 60(d)(3) Motion for Relief from Judgment*, ECF No. 39 ("*Petitioner's Motion*"). Respondent opposes the motion. *Respondent's Opposition to Petitioner's Motion for Relief from Judgment*, ECF No. 40. For the reasons that follow, it is recommended that *Petitioner's Motion* be denied.

---

[1] Petitioner represents that he was released from prison on February 20, 2016. *Notice of Change of Address*, ECF No. 41.

**Background**

This Court dismissed all sixty (60) claims asserted in the action as either procedurally defaulted or without merit. *Opinion and Order*, ECF No. 30. In particular, and as it relates to *Petitioner's Motion*, the Court adopted the *Report and Recommendation*, which reasoned, *inter alia*, that claims 20, 21, 22, 24 were claims that should have been, but were not, raised on direct appeal, that claim 39 should have been, but was not, raised in proceedings under Ohio's Appellate Rule 26(B), and that all these claims were therefore procedurally defaulted. *Order and Report and Recommendation*, ECF No. 20, PAGEID# 1545, 1548-49; *Opinion and Order*, ECF No. 30, PAGEID# 1658.

This Court declined to issue a certificate of appealability in connection with the dismissal of this action, *Opinion and Order*, ECF No. 30, as did the United States Court of Appeals for the Sixth Circuit. *Hill v. Warden, Chillicothe Correctional Institution*, Case No. 13-3481 (6th Cir. Feb. 3, 2014). In declining to issue a certificate of appealability, the Sixth Circuit concluded, *inter alia*, that jurists of reason would not debate this Court's determination that Petitioner had procedurally defaulted these claims. *See* ECF No. 36, PAGEID# 1681-82. The United States Supreme Court denied Petitioner's petition for a writ of *certiorari*. *Hill v. Norman Robinson, Warden,* Case No. 14-7614 (U.S.Sup.Ct. Feb. 23, 2015).

*Petitioner's Motion*

*Petitioner's Motion* addresses this Court's conclusion that claims 20, 21, 22, 24, and 39 were procedurally defaulted. *See generally Petitioner's Motion*. This is not the first time that Petitioner has

2

raised this issue. In fact, Petitioner vigorously challenged Respondent's claim of procedural default in his traverse, see *Petitioner's Reply to Respondent's Return of Writ*, ECF No. 18, PAGEID# 1468-72, in his objections to the *Report and Recommendation, see Objection*, ECF No. 28, PAGEID# 1605-14, and in *Petitioner's Fed. Civ. R. 52(b) Motion for Amended and Additional Findings with Separate Conclusions of Law*, Doc. No. 32, PAGEID# 1663-64. In the motion presently before the Court, Petitioner argues that this Court's resolution of these claims in 2013 should now be vacated because that resolution was the product of a fraud upon the Court committed by Respondent's counsel. In particular, Petitioner continues to insist that these claims were fairly and properly presented to the state courts in his application filed pursuant to Ohio's Appellate Rule 26(B); he argues that Respondent's counsel committed a fraud upon this Court by arguing that these claims had been procedurally defaulted and by failing to include Petitioner's Rule 26(B) sworn statement in the Appendix to the *Return of Writ*, ECF No. 12.

    *Petitioner's Motion* invokes Rule 60(b)(6) and Rule 60(d)(3) of the Federal Rules of Civil Procedure. When filed in a habeas corpus action, a motion for relief from judgment under Rule 60(b) may be entertained by a district court, without prior authorization by the Court of Appeals, *see* 28 U.S.C. § 2244(b), only when the motion attacks, not the substance of the District Court's resolution of a claim, but some defect in the integrity of the federal habeas proceedings. *Gonzalez v. Crosby,* 545 U.S. 524, 532 (2005).

    Rule 60(b)(6) permits relief from a final judgment "when the

3

movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rule 60(b)(1)-(5)." *Id.* at 528-29 (2005)(quoting the former version of Rule 60(b)(6)). Subsection (3) of the Rule, which permits relief from a final judgment on account of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party," is the more applicable provision of the Rule and, because it specifically addresses claimed fraud, it is Rule 60(b)(3), rather than Rule 60(b)(6), that governs the allegations asserted by Petitioner. However, motions under Rule 60(b)(3) for relief from judgment by reason of fraud must be "made . . . no more than a year after the entry of the judgment . . . ." Fed. R. Civ. P. 60(c)(1). This time limit is jurisdiction. *Mitchell v. Rees*, 261 Fed. Appx 825, 830 (6th Cir. 2008). As noted *supra*, final judgment was entered in this action on February 20, 2013 – *i.e.,* almost three (3) years prior to the time that *Petitioner's Motion* was filed. Any claim for relief under Rule 60(b)(3) is therefore untimely and this Court is without jurisdiction to entertain that claim.

Even considering *Petitioner's Motion* by reference to the provisions of Rule 60(b)(6), moreover, the Court concludes that the motion is untimely. Motions brought pursuant to Rule 60(b)(6) must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Respondent's *Return of Writ*, which presented the procedural default arguments about which Petitioner complains and which failed to include Petitioner's Rule 26(B) sworn statement upon which he relies, was filed on January 9, 2012 – almost four (4) years prior to *Petitioner's*

4

*Motion. See Return of Writ*, ECF No. 12. Petitioner has therefore been on notice of these issues since that time. Under these circumstances, it cannot be said that *Petitioner's Motion* was filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

*Petitioner's Motion* also invokes Rule 60(d)(3) of the Federal Rules of Civil Procedure, which provides as follows:

> **Other Powers to Grant Relief**. This rule does not limit a court's power to:
>
> \*\*\*
>
> (3) set aside a judgment for fraud on the court.

Rule 60(d) offers a "'savings clause . . . that allows judgments to be attacked without regard to the passage of time[.]'" *Marcelli v. Walker*, 313 F.App'x 839, 842 (6th Cir. 2009)(quoting *Computer Leasco, Inc. v. NTP, Inc.*, 194 Fed. Appx 328, 334 (6th Cir. 2006)). *See also Mitchell v. Rees,* 651 F.3d 593, 597 (6th Cir. 2011). However, "relief under this section 'must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of "injustice which, in certain instances, are deemed sufficiently gross to demand a departure" from rigid adherence to the doctrine of *res judicata.*'" *Marcelli,* 313 F.App'x at 842 (quoting *United States v. Beggerly*, 524 U.S. 38, 46(1998), and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238, 244 (1944)).

The United States Court of Appeals for the Sixth Circuit has described the requisite "fraud on the court" as "'egregious conduct involving a corruption of the judicial process itself.'" *Gen. Medicine, P.C. v. Horizon/CMS Health Care Corp*., 475 F.App'x 65, 71

5

(6th Cir. 2012)(quoting 11 Charles Alan Wright et al., *Federal Practice & Procedure* § 2870). The rule addresses

> only that species of fraud which does, or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352-53 (6th Cir. 1993)(vacating extradition order in light of a *Brady* violation by government attorneys)(quoting 7 *Moore's Federal Practice and Procedure* ¶ 60.33).

A movant seeking to establish fraud sufficient to warrant relief under Rule 60(d) must present clear and convincing evidence of

> (1)[conduct] on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; (4)is a positive averment or a concealment when one is under a duty to disclose; and (5)deceives the court.

*Johnson v. Bell,* 605 F.3d 333, 339 (6th Cir. 2010); *Carter v. Anderson*, 585 F.3d 1007, 1011-12 (6th Cir. 2009).

This Court concludes that Petitioner has utterly failed to meet this standard. Petitioner's arguments regarding claims 20, 21, 22, 24, and 39 have been thoroughly considered on a number of occasions by a number of courts. Nothing presented in *Petitioner's Motion* persuades this Court that the final judgment entered in this action was entered in error.

It is therefore **RECOMMENDED** that *Petitioner's Rule 60(b)(6) and 60(d)(3) Motion for Relief from Judgment*, ECF No. 39, be **DENIED.**

If any party seeks review by the District Judge of this *Report*

and *Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

April 22, 2016                                          *s/Norah McCann King*
 (Date)                                             Norah M<sup>c</sup>Cann King
                                                              United States Magistrate Judge